**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DAN CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-816-TCK-FHM |
| | ) | |
| COMMUNICATION GRAPHICS, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court are Plaintiff's Complaint (Doc. 1) and Plaintiff's motion to proceed in forma pauperis (Doc. 2). Plaintiff seeks to commence this action without prepayment of fees pursuant to 28 U.S.C. § 1915(a)(1), which provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees." Despite use of the word "prisoner," this statute applies to all persons applying for IFP status. *Brown v. Eppler*, 725 F.3d 1221, 1229 n.6 (10th Cir. 2013).

The IFP statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* In order to prevent such abusive or captious litigation, the statute authorizes federal courts to *sua sponte* dismiss a case filed in forma pauperis if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the action fails to state a claim upon which relief may be granted, or (4) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2); *see also Stafford v. United States*, 208 F.3d 1177, 1179 n.4 (10th Cir. 2000) (describing § 1915(e)(2) as a "screening procedure" for dismissing IFP claims that are frivolous, that fail to state a claim, that seek monetary relief from immune defendants, or that rest on false allegations of poverty). Dismissals based on § 1915(e)(2) are often made *sua sponte* prior to the issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.[1]

Plaintiff's Complaint is entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." However, Plaintiff asserts claims against his former employer, Communication Graphics, for disability discrimination, retaliation, and sexual harassment. These claims arise under Title VII of the Civil Rights Act. In order to state a claim for relief under Title VII, a plaintiff must plead exhaustion of administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See Harms v. IRS*, 146 F. Supp. 2d 1128, 1133 (D. Kan. 2001) (dismissing complaint without prejudice that failed on its face to allege exhaustion of administrative remedies). Although Plaintiff's Complaint makes one passing reference to the EEOC, (*see* Compl. at 4), the Complaint does not allege the nature of any claims filed with the EEOC, whether or when a right to sue letter was issued by the EEOC, or whether this case was filed within 90 days of Plaintiff's receipt of such letter. Therefore, even construing Plaintiff's Complaint liberally, Plaintiff's Complaint fails to state a claim for relief because it fails to allege exhaustion of administrative remedies.[2]

---

[1] The Court in *Neitzke* addressed the precursor to 28 U.S.C. § 1915(e)(2), which was 28 U.S.C. § 1915(d). However, the Tenth Circuit has cited *Neitzke* as setting forth the policy considerations underlying § 1915(e)(2). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

[2] Plaintiffs' use of the wrong form may have contributed to the pleading deficiencies in this case. There are *pro se* forms available in the clerk's office that specifically apply to Title VII

This matter is *sua sponte* dismissed without prejudice.  Plaintiff's motion to proceed in forma pauperis (Doc. 2) is denied as moot.

**SO ORDERED this 29th day of January, 2014.**


**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**

---

claims.  Such forms direct the *pro se* litigant to plead EEOC exhaustion requirements.