## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAN CALLAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-816-TCK-FHM |
| | ) | |
| COMMUNICATION GRAPHICS, | ) | |
| | ) | |
| Defendant. | ) | |

### OPINION AND ORDER

On November 23, 2015, upon Plaintiff's failure to appear at a pretrial conference, the Court entered an Order dismissing the cases and stating that it would determine whether to dismiss the case with or without prejudice no later than December 4, 2015. On December 2, 2015, Plaintiff filed a motion to alter or amend the Court's Judgment (Doc. 105), which essentially requests that the Court reconsider and vacate its dismissal order because Plaintiff missed the pretrial conference due to mistake and mental exhaustion.

This case presents unique circumstances. Plaintiff represented himself *pro se* throughout the pretrial proceedings in a fairly competent manner, including moving to compel documents and filing briefs. However, Plaintiff has been entirely unwilling to actually proceed to trial *pro se*, causing numerous delays, waste of resources, and trying of this Court's patience. Plaintiff refused to participate in the preparation of the Pretrial Conference Order, forcing Defendant to file its own version. Plaintiff unsuccessfully tried to hire numerous attorneys during this time, rather than prepare himself for trial. On October 7, Plaintiff appeared at the pretrial conference with counsel, apparently retained just prior to such conference, and sought a continuance. Although this was an extremely late hour to inject an attorney into the case, the Court granted the motion and allowed Plaintiff to proceed with counsel as desired. According to Plaintiff, on or around October 21, 2015,

Plaintiff sent his counsel an email stating he no longer wanted her to represent him because she was recommending settlement and was "abusive" to him. (*See* Doc. 100.) On October 29, 2015, his counsel moved to withdraw.

The Court ordered Plaintiff to file a notice of intent to proceed pro se or cause new counsel to enter an appearance no later than November 5, 2015. On November 5, 2015, Plaintiff requested additional time to find an attorney, which the Court construed as an intent to proceed *pro se*. The Court reset the pretrial and trial dates as soon as possible on the Court's calendar. In order to ensure that Plaintiff understood he had to appear for the pretrial conference and that the Court would not grant further extensions, the Court's deputy personally spoke with Plaintiff about the pretrial conference set for November 23, 2015. Nonetheless, Plaintiff failed to appear.

Pursuant to Federal Rule of Civil Procedure 41(b), the Court has inherent power to dismiss actions for failure to prosecute. Before entering a dismissal with prejudice, courts should consider the following factors: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions. *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

In this case, Plaintiff's conduct leading to trial has been prejudicial to Defendant. Defendant has twice spent time preparing for pretrial conference and trial, only to have Plaintiff seek continuances or fail to appear. Defendant also prepared a Pretrial Conference Order without Plaintiff's participation. In addition, there has been significant interference with the judicial process. This Court has been beyond lenient with Plaintiff throughout these proceedings based on his *pro se* status. The Court deemed his second Complaint timely after he sued under the wrong statutes and

then re-filed his case. The Court construed his briefs liberally and denied summary judgment on some of his claims. Although reluctantly, the Court granted a continuance on the eve of trial and rescheduled the trial based on Plaintiff's late-hour retention of counsel. Yet Plaintiff could not get along with that attorney, fired her, and sought further continuances after her withdrawal. When the Court failed to grant these continuances, Plaintiff failed to appear at the pretrial conference despite a personal reminder from this Court in order to ensure his appearance. While Plaintiff states that he simply forgot, the Court finds that Plaintiff has no intention of proceeding to try this case *pro se* and that Plaintiff will continue requesting continuances or offering excuses for his inability to proceed to trial.

Plaintiff is entirely culpable for the recent failures to prosecute his claims, and the Court finds that no lesser sanction will suffice in this case. As stated above, Plaintiff's actions demonstrate that he has no intention of proceeding to trial *pro se* or allowing any retained counsel to do their job. The Court sees no end in sight and finds no reason to allow further disturbance of its docket or require any further expenditure of attorney time by Defendant. Further, a lesser sanction of dismissal without prejudice will, at best, result in the claim being re-filed and then dismissed as untimely. *See Brown v. Kempthorne*, 190 Fed. App'x 590, 591 (10th Cir. 2006) (explaining that re-filing of a complaint that is dismissed without prejudice does not toll the statutory filing period of Title VII" and that Oklahoma's savings statute does not apply to Title VII's statutes of limitations).

The Court has carefully considered all relevant factors and finds that dismissal with prejudice is the appropriate remedy for Plaintiff's dilatory conduct at the conclusion of this litigation. When it came time for trial, Plaintiff failed to continue prosecution of his case with diligence. Although

the Court understands the task of trying a case can be daunting, a *pro se* Plaintiff must still comply with Court orders, and Plaintiff failed to do so. Due to the late stages of the litigation, prejudice to Defendant, and futility of dismissal without prejudice, dismissal with prejudice is the proper sanction.

Plaintiff's motion to alter or amend judgment and motion to supplement (Docs. 105, 108) are DENIED. This matter is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED this 5th day of January, 2015.**

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**